EXHIBIT 1

EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CYCLE GEAR, INC., a California corporation; COMOTO HOLDINGS, INC., a Delaware corporation; COMOTO HOLDINGS, LLC, a Delaware limited liability company; and DOES 1 – 50, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ISIN AL OTAT, an individual and on behalf of similarly aggrieved employees;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco County Superior Court

Civic Center Courthouse, 400 McAllister St. San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*

**CGC-23-606243**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BIGONGER & BIGONGER, Samantha S. Bigonger, SBN: 286290, 4897 Main Street, Yorba Linda, CA 92886, Tel: (714) 777-4477; LAW OFFICE OF JESSICA P. GOMEZ, SBN: 309710, 14241 Firestone Blvd. #400, La Mirada, CA 90638, Tel: (562) 228-0986

DATE:
*(Fecha)* **05/03/2023**

Clerk, by
*(Secretario)* _____ **JEFFREY FLORES** _____ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* COMOTO HOLDINGS, INC., a Delaware corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1
**BIGONGER & BIGONGER**
Samantha S. Bigonger, SBN 286290
2
4897 Main Street
Yorba Linda, CA 92886
3
Tel: (714) 777- 4477
Fax: (714) 777-1207
4
Email: samantha@bigongerlaw.com

5
**LAW OFFICE OF JESSICA P. GOMEZ**
Jessica P. Gomez, SBN 309710
6
14241 Firestone Blvd #400
La Mirada, CA 90638
7
Tel: (562) 228-0986
Email: jessica@jgllawyers.com

8
Attorneys for Plaintiff,
ISIN AL OTAT and on
9
behalf of similarly aggrieved employees

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**05/01/2023**
Clerk of the Court
BY: JEFFREY FLORES
Deputy Clerk

10

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11

**FOR THE COUNTY OF SAN FRANCISCO**

12

**CGC-23-606243**

13

14
ISIN AL OTAT, an individual and on
behalf of similarly aggrieved employees;

15
                    Plaintiff,

16
        vs.

17
CYCLE GEAR, INC., a California
18
corporation; COMOTO HOLDINGS, INC.,
a Delaware corporation; COMOTO
19
HOLDINGS, LLC, a Delaware limited
liability company; and DOES 1 – 50,
20
inclusive;

21
                    Defendants.

22

23

24

50

26

27

28

CASE NO.:

**CLASS ACTION AND
REPRESENTATIVE ACTION
COMPLAINT**
[Unlimited Jurisdiction]

(1) **Failure to Provide Required Meal
    Periods Cal. Labor Code §§
    226.7,510,512,1194,1197;**

(2) **Failure to Provide Required Rest
    Periods [Cal. Labor Code §§
    226.7,512;**

(3) **Failure to Pay Minimum Wages [Cal
    Labor Code §§1194,1197;**

(4) **Failure to Pay Overtime Labor Code
    §510**

(5) **Failure to Furnish Accurate
    Itemized Wage Statements [Cal.
    Labor Code §§ 226;]**

(6) **Waiting Time Penalties Labor Code
    §§201-203**

(7) **Failure to Pay Reporting Time Pay
    (Labor Code § 1198 and California**

- 1 -

Code of Regulations Title 8, Section 11050 Subdivision 5(A))

(8) Wages Not Timely Paid (Violation of California Labor Code §§ 201, 202, and 203)

(9) Unfair and Unlawful Business Practices [Cal. Bus. & Prof. Code §§ 17200 et. seq.

**JURY TRIAL DEMANDED**

Plaintiff Isin al-Otat ("Plaintiff") hereby submits this Class Action ("Complaint") against Defendants CYCLE GEAR, INC., COMOTO HOLDINGS, INC., COMOTO HOLDINGS, LLC, and Does 1 through 50 (collectively, "Defendants") on behalf of himself and all other similarly situated current and former employees of Defendants, for penalties and/or damages as follows:

## INTRODUCTORY ALLEGATIONS

1. This class action is within the Court's jurisdiction under California Labor Code § 226 and the applicable Wage Orders of the California Industrial Welfare Commission ("IWC").

2. This representative action is within the Court's jurisdiction under California Labor Code §§ 226 and 2698, et seq

3. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against individuals who worked for Defendants.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to provide complete and accurate itemized wage statements to Plaintiff and Class Members.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and the applicable IWC Wage Orders by creating and maintaining policies, practices, and customs that knowingly deny its employees the above-stated rights and benefits.

1    6. The Court has jurisdiction over the violations of California Labor Code § 226.

2    7. Venue is proper because Defendants do business in San Francisco, California and Plaintiff

3    worked for Defendants in San Francisco County, specifically as store No. 40 at the 1500 Harrison St,

4    San Francisco, CA 94103 location.

5    8. At all relevant times, Plaintiff Isin al-Otat ("Plaintiff" and/or "al-Otat") was an individual

6    residing in the County of San Mateo, in the City of San Bruno in the State of California.

7    9. At all relevant times, Cycle Gear, Inc., Comoto Holdings, Inc., Comoto Holdings LLC,

8    (collectively, "Defendants") and DOES 1-50 inclusive was and is existing, doing business and

9    employing individuals in the County of San Francisco, State of California.

10    10. The true names and capacities of Defendants and DOES 1 through 50, inclusive, whether

individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this

11    Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave

12    of Court to amend this Complaint to show their true names or capacities when the same have been

13    ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the DOE

14    Defendants is, in some manner, responsible for the events and happenings herein set forth and

15    proximately caused injury and damages to Plaintiff as herein alleged.

16    11. The true names and capacities of the Defendants. DOES 1 through 50, inclusive, whether

17    individual, corporate, associate or otherwise are unknown to plaintiff at the time of filing this

18    Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask the

19    level of Court to amend this Complaint to show their true names or capacities when the same have

20    been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the DOE

21    Defendants is, in some manner, responsible for the events and happening herein set forth and

22    proximately caused injury and damages to Plaintiff as herein alleged.

23    12. At all times herein mentioned, Defendants were acting as the agents and/or employees of each

24    of the remaining Defendants, and were, at all times herein mentions, acting within the scope of said

50    agency and employment, except where alleged to the contrary.

26    13. Whenever in this Complaint reference is made to any act of Defendants, such allegations shall

27    be deemed to mean all named Defendants and DOES 1 through 50, or their officers, agents, managers,

representatives, employees, heirs, assignees, customers, and tenants, did or authorized such acts while

28

1   actively engaged in the operation, management, direction or control of the affairs of Defendants and

2   while acting within the course and scope of their duties, except where alleged otherwise.

3       14.  At all times relevant herein, Defendant was Plaintiff's employer within the meaning of

4   Government Code §§12926(d), 12940, and/or 12950, and regularly employs five (5) or more persons

5   and is therefore subject to the jurisdiction of this court.

6       15.  At all times relevant herein, Defendants and DOES 1 - 50 were Plaintiff's employers, joint

7   employers, and/or special employers within the meaning of the Labor Code and 21 Industrial Welfare

8   Commission Order No. 4-2001 and are each any "employer or other person acting on behalf of an

9   employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

10      16.  The true names and capacities, whether individual, corporate, associate or otherwise, of the

    Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff at this time and

11  therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this

12  complaint to insert the true names and capacities of said Defendants when the same become known

13  to Plaintiff.

14      17.  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously

15  named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to

16  Plaintiff as alleged hereinafter.

17      18.  Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

18  hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

19  coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of

20  the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in

21  part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego

22  status, successor status and/or joint venture and with the permission and consent of each of the other

23  Defendants.

24      19.  Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of

50  them, and those defendants named as DOES 1 through 50 acted in concert with one another to commit

26  the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another

27  in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government

    Code § 12940(i).

28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

20. Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, and those defendants named as DOES 1 through 50, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to the said conspiracy, intended to cause and actually causing Plaintiff harm.

21. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly, and severally.

22. This Court is the proper court, and this action is properly filed in San Francisco County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Francisco, and because the work that is the subject of this action was performed by Plaintiff in San Francisco County.

### ALTER EGO, AGENCY, SUCCESSOR, AND JOINT EMPLOYER

23. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1 through 50 that the individuality and separateness of defendants have ceased to exist.

24. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, DOES 1 through 50 are, in reality, one and the same as Defendants because a) Defendants is completely dominated and controlled by DOES 1-50, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose. B. DOES 1-50 derive actual and significant monetary benefits by and through Defendant's unlawful conduct, and by using Defendants as the funding source for their own personal expenditures. c. Plaintiff is informed and believes that Defendants and DOES 1-50, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose. d. Plaintiff is informed and believes that Defendants does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence. e. Plaintiff is informed and believes, and thereupon alleges, that the business affairs of Defendants and DOES 1-50 are, and at all

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants is, and at all times relevant hereto was, used by DOES 1-50 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1-50. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Defendants and DOES 1-50 should be disregarded inequity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

25.   Accordingly, Defendants constitute the alter ego of DOES 1-50, and the fiction of their separate corporate existence must be disregarded.

26.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants and DOES 1 -50 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendants and DOES 1-50. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

27.   Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that there exists an agreement between DOES 1-50 and Defendants (i) there is an express or implied agreement of assumption pursuant to which DOES 1-50 agreed to be liable for the debts of Defendants  (2) the transaction between DOES 1 -50 and Defendants amounts to a consolidation or merger of the two corporations, (3) DOES 1-50 is a mere continuation of Defendants or (4) the transfer of assets to DOES 1-50 is for the fraudulent purpose of escaping liability for Defendants debts. Accordingly, DOES 1-50 are the successors of Defendants and are liable on that basis.

## THE PARTIES

28. Plaintiff Isin al- Otat worked for Defendants as a key card holder/sales associate since February 2022, within the County of San Francisco, California. Plaintiff was employed with Defendants until July 2022.

29. Plaintiff al- Otat is an individual over the age of eighteen (18) and is now and at all times mentioned in this Complaint was a citizen of the State of California.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

30. Plaintiff al-Otat worked for Defendants as a non-exempt hourly employee subject to overtime pay. Al- Otat performed work in excess of 8 hours and 40 hours a week.

31. Defendants failed to pay all of Plaintiff's wages on her paystub including her meal and rest, missing overtime.

32. Defendants scheduled Plaintiff to work hours at other locations including the Gilroy and Santa Rosa. Instead of honoring, the hours they gave her, they took her off schedule at the last minute including on the day of and failed to pay the minimum 4-hour reporting time pay.

33. Defendants scheduled Plaintiff to work at other locations and had her drive out to the Gilroy and Santa Rosa location. Defendants provided Ms. al-Otat with a hotel room but failed to compensate Ms. al-Otat for her time spent driving and working while heading over to the Gilroy and Santa Rosa location. Defendants failed to pay Ms. al-Otat at least minimum wage, travel time pay, and/or overtime.

34. At all relevant times, Plaintiff al-Otat and the other hourly employees have been non-exempt employees, and as such, entitled to the protections of the California Labor Code and the Wage Order. Accordingly, Plaintiff al-Otat and the other hourly employees have been entitled to be paid premium for missed meal and rest breaks her regular rate of pay including all non discretionary payment such as commissions as defined under as Cal. Lab. Code 226.7(c), Cal. Lab. Code 510(a) *See Ferra v. Loews Hollywood Hotel LLC* 456 P.3d 415 (Cal. 2020).

35. During her employment, Plaintiff al-Otat was not permitted to take duty-free rest period of at least ten minutes every four hours they worked, as required by California law. Plaintiff al-Otat was also not provided duty-free meal periods of at least thirty-minutes every five hours she worked.

36. Defendants paid Plaintiff al-Otat and other employees lower wages than required by statute or contract, failed to maintain working conditions that comply with the Wage Order, failed to provide them with accurate written wage statements, and failed to timely pay them earned wages during employment.

37. Plaintiff al-Otat alleges that as a result of Defendants' systematic time, payroll policies and practices, Plaintiff al-Otat and other non-exempt employees who were improperly paid during the time period four (4) years preceding the filing of the original Complaint through present who were:

    a) Not paid the statutory minimum wage in violation of the California Labor Code;
    b) Not paid the requisite overtime wages;

c) Not provided with all legally required meal and rest periods in violation of the California Labor Code;

d) Not paid proper premium wages for each workday in which Defendants failed to provide them with one or more meal periods in violation of the California Labor Code;

e) Not paid premium wages for each workday in which Defendants failed to provide them with one or more rest breaks in violation of the California Labor Code;

f) Not provided with accurate written wage statements in violation of the California Labor Code;

g) Failed to pay reporting time;

38. Defendants were and are California entities, qualified to do business and doing business at . 1500 Harrison St, San Francisco, CA 94103 and throughout the state of California. At all relevant times, Defendants employed 26 or more employees.  Defendants have at least 30 stores throughout the state of California.

## CLASS ACTION ALLEGATIONS

39. CCP §382 provides in pertinent part: "... [W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiff brings this suit as a class action pursuant to CCP §382.

40. This action is appropriately suited for a Class Action because:

A. The potential class is a significant number. Joinder of all current and former employees individually would be impractical.

B. This action involves common questions of law and fact to the potential class because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

C. The claims of PLAINTIFFS are typical of the class because DEFENDANTS subjected all its non-administrative, non-managerial, non-exempt employees described in the foregoing Paragraphs of this Complaint to the identical violations of the California Labor Code, the applicable IWC wage order, and the California Business and Professions Code.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

41. PLAINTIFFS are able to fairly and adequately protect the interests of all members of the class because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to the class for all services rendered and hours worked.

42. The putative classes Plaintiff will seek to certify are currently composed of non-exempt sales associates and key card holders (as defined *supra*) who have worked for Defendants in the four years prior to the filing of the original complaint herein and through trial, and defined as follows:

    a.  All California citizens employed by Defendants as sales associates and key card holders (as defined *supra*) during the appropriate time period who were subjected to Defendants' policies and practices regarding the payment of overtime wages as specifically described herein (hereinafter, the "Overtime Wage Class");

    b.  All California citizens employed by Defendants as sales associates and key card holders (as defined *supra*) during the appropriate time period who were subjected to Defendants' policies and practices regarding the payment of minimum wages as specifically described herein (hereinafter, the "Minimum Wage Class");

    c.  All California citizens employed by Defendants as sales associates and key card holders (as defined *supra*) during the appropriate time period who were subjected to Defendants' policies and practices regarding rest periods as specifically described herein (hereinafter, the "Rest Period Class");

    d.  All California citizens employed by Defendants as sales associates and key card holders (as defined *supra*) during the appropriate time period who were subjected to Defendants' policies and practices regarding meal periods as specifically described herein (hereinafter, the "Meal Period Class");

    e.  All California citizens employed by Defendants as sales associates and key card holders (as defined *supra*) during the appropriate time period who were subjected to Defendants' policies and practices regarding time reporting as specifically described herein (hereinafter, the "Time Reporting Class");

    f.  All California citizens employed by Defendants as sales associates and key card holders (as defined *supra*) during the appropriate time period who were subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Wage Statement Class");

    g.  All California citizens employed by Defendants as sales associates and key card holders (as defined *supra*) during the appropriate time period who have subjected to Defendants' policies and practices regarding not being paid compensation due immediately upon termination or within 72 hours of resignation described herein (hereinafter, the "203 Class");

    h.  The Overtime Wage Class, Minimum Wage Class Rest Period Class, Meal Period Class, Wage Statement Class, and the 203 Class are herein collectively referred to as the "Classes."

43. Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiff will formally define and designate a class definition at such time when Plaintiff seeks to certify the Classes alleged herein.

   i.  <u>Numerosity</u> (CCP §382):

      a.  The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical;

      b.  The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;

      c.  The quantity of members of the Classes is unknown to Plaintiff at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals; and

      d.  The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

   ii.  <u>Superiority</u> (CCP §382): The nature of this action and the nature of the laws available to Plaintiff make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein, as follows:

      a.  California has a public policy which encourages the use of the class action device;

      b.  By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

      c.  This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

      d.  If each individual member of the Classes were required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e.  Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being;

f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

h.  A substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

i.  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

j.  inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

k.  potentially incompatible standards of conduct for Defendants; and

l.  potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

m.  The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

n.   Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

o.   The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions

iii.   <u>Well-defined Community of Interest</u>: Plaintiff also meets the established standards for class certification (see, e.g. *Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096), as follows:

a.   <u>Typicality</u>: The claims of Plaintiff al-Otat are typical of the claims of all members of the Classes she seeks to represent because she has been subject to all the violations described herein, as have all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

b.   <u>Adequacy</u>: Plaintiff al-Otat is an adequate representative of the Classes she seeks to represent; will fairly protect the interests of the members of the Classes; has no interests antagonistic to the member of the Classes; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

iii.   Predominant Common Questions of Law or Fact:  There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

a.   Whether Defendants paid the appropriate overtime wages to the members of the Overtime Wage Class;

b.   Whether Defendants paid the appropriate minimum wages to the members of the Minimum Wage Class;

c.   Whether Defendants failed and continue to fail to authorize and permit legally-requisite rest and meal periods to the members of the Rest Period Class and Meal Period Class in violation of the Labor Code and Section 12 of the IWC Wage Orders;

- 12 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

d. Whether Defendants failed to timely furnish accurate, itemized and legal wage statements to the members of the Wage Statement Class;

e. Whether Defendants are derivatively liable pursuant to Labor Code §203 to the members of the 203 Class;

f. Whether the members of the Classes are entitled to penalties pursuant to Labor Code §§2698, et seq;

g. Whether Defendants' conduct constitutes unfair, illegal, or fraudulent competition within the meaning of B&PC §17200, et seq.;

h. Whether Defendants' conduct constitutes unfair, illegal, or fraudulent business practices within the meaning of B&PC § 17200, et seq.;

i. Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

j. Whether the members of the Classes are entitled to injunctive relief;

k. Whether the members of the Classes are entitled to restitution; and

l. Whether Defendants are liable for attorneys' fees and costs.

44. Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. *Collins v. Rocha* (1972) 7 Cal.3d 232, 238).

45. PLAINTIFFS, on behalf of themselves and other similarly situated current and former non-exempt employees of DEFENDANTS as described in Paragraph 28, 41 of this Complaint and who were employed by DEFENDANTS at any time during the four (4) years preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages and unpaid wages, illegal meal and rest period policies, failure to maintain required records, failure to provide accurate itemized wage statements, failure to pay wages, failure to pay overtime, failure to pay minimum wages, reporting time, / and interest, attorneys' fees, costs, and expenses.

46. The statute of limitations as to all claims has been tolled under the doctrine of equitable tolling set forth in *American Pipe & Construction Co. et al. V. Utah et al*, 414 U.S. 538, 550-1 (1974). PLAINTIFFS thereby bring this action on behalf of themselves, and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning March 1, 2019 and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFFS reserve the right to name additional class representatives.

## FIRST CAUSE OF ACTION

**FAILURE TO PROVIDE REQUIRED MEAL PERIODS CAL. LABOR CODE §§**

**226.7,510,512,1194,1197]**

**(AGAINST ALL DEFENDANTS AND DOES 1-50)**

47. PLAINTIFF incorporates herein by specific reference the foregoing paragraphs, as though fully set forth herein.

48. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees of all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFFS and CLASS MEMBERS to take less than the 30-minute meal period, to work through them, or to prevent their employees from leaving the work facility during their meal periods, and have failed to otherwise provide the required meal periods to PLAINTIFFS and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 7 DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 7 by failing to compensate PLAINTIFFS and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employees regular rate of pay for each workday that a meal period was not provided.

49. DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 7 by failing to compensate PLAINTIFFS and CLASS MEMBERS for all hours worked during their meal periods.

50. As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REQUIRED REST PERIODS**

**[CAL. LABOR CODE §§ 226.7,512]**

**(AGAINST ALL DEFENDANTS AND DOES 1-50)**

51. PLAINTIFF incorporates herein by specific reference the foregoing paragraphs, as though fully set forth herein.

52. At all times relevant herein, as part of the Defendant' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest

periods to PLAINTIFFS and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 7.

53. DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 7 by failing to pay PLAINTIFFS and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

54. As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

## [CAL LABOR CODE §§1194,1197; IWC WAGE ORDER NO. 7

## (AGAINST ALL DEFENDANTS AND DOES 1-50)

55. PLAINTIFF incorporates herein by specific reference the foregoing paragraphs, as though fully set forth herein.

56. Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 7 payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

57. During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which plaintiffs and CLASS MEMBERS worked; failing to properly maintain PLAINTIFFS' and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFFS and CLASS MEMBERS for each pay period, and failing to pay the CLASS the actual rate of pay and other methods to be discovered.

58. For example, Plaintiff al-Otat was required to report to Goleta and Santa Clara location. Defendants provided Plaintiff al-Otat a hotel room and reimbursed her for travel but refused to pay

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

her minimum wage or for any travel time to the location. Defendant has a company wide policy and practice of refusing to pay minimum wage for its sales associates.

59. DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 7. As a proximate result of the violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558,1194,1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME (LABOR CODE §510)**

**(AGAINST ALL DEFENDANTS AND DOES 1-50)**

60. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

61. Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day. It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any workweek, and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

62. At all relevant times, Defendants failed and refused to pay Plaintiff and all CLASS MEMBERS all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

63. At all relevant times, Defendants required Plaintiff and CLASS MEMBERS to work more than eight hours per day and/or more than 40 hours per workweek.  Despite this, Defendants failed to pay Plaintiff and OTHER CLASS MEMBERS the requisite overtime wages.

64. As alleged herein, Plaintiff is not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11090, and Industrial Welfare Commission Order No. 7.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    65. Plaintiff and CLASS MEMBERS have been deprived of Plaintiff's rightfully earned overtime

2    compensation as a direct and proximate result of Defendants' failure and refusal to pay said

3    compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees, and

4    costs.

### FIFTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

### [CAL. LABOR CODE §§ 226; IWC WAGE ORDER NO. 7]

### (AGAINST ALL DEFENDANTS AND DOES 1-50)

66. PLAINTIFF incorporates herein by specific reference the foregoing paragraphs, as though fully set forth herein.

67. During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFFS and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 7.

68. During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

69. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

### SIXTH CAUSE OF ACTION

### FOR WAITING TIME PENALTIES

### LABOR CODE §§201-203

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**(AGAINST ALL DEFENDANTS AND DOES 1-50)**

70. Plaintiff and the class incorporate by reference the foregoing paragraphs as if fully set forth herein. As alleged herein, Plaintiff and Class Members are not exempt from the requirements of Labor Code §226.

71. This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime, meal period, and rest period wages.  For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

72. Plaintiff was paid on a bi-weekly basis, and therefore Defendants violated Labor Code §226 approximately 24 times during the one year preceding the filing of this complaint.  Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

73. In addition thereto, for Defendant's violations, Defendants are penalized $500.00 for the first violation, and the remainder of which Defendants are penalized $1,000.00 each, for a total due in Labor Code §226.3 penalties of $6500.00.

74. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to Labor Code §226, civil penalties pursuant to Labor Code §226.3, and other applicable provisions, as well as attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 1198 AND CALIFORNIA CODE OF REGULATIONS TITLE 8, SECTION 11050**

**SUBDIVISION 5(A) – FAILURE TO PROVIDE REPORTING TIME PAY**

**(AGAINST ALL DEFENDANTS AND DOES 1-50)**

75. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

76. California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

77. The applicable wage order, California Code of Regulations, Title 8, section 11050(5)(A) provides that "[e]ach workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

78. Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11050(5) because Defendants failed to pay Plaintiff al-Otat and other class members reporting time pay when they presented themselves as ready for work by waiting at home or at work during a scheduled shift and were told to go home as there was no work for them on the day that they were scheduled.

79. Defendants did not pay Plaintiff and class members for at least half of their scheduled day's work or the required minimum reporting time pay when they were subject to Defendants' scheduled work day and were not called or told that there was no work for them on the day that they were scheduled.

80. For instance, Plaintiff al-Otat was scheduled to work, presented herself at the Defendants location including at distant locations such as Goleta and Santa Clara waited at home or the hotel during her scheduled "on-call" shifts as required by Defendants' on-call policy, but was not called or not required to report to work, specifically Defendants told Plaintiff al-Otat that they did not need her to work that day. Defendants fail to pay Plaintiff and class members for at least two (2) hours at their regular rate of pay. Instead, Defendants refused to pay Plaintiff al-Otat or failed to pay her the appropriate reporting time pay. During the relevant time period, Plaintiff al-Otat responded to calls, reported to Defendants' place of work, and was not paid for at least two (2) hours at her regular rate of pay.

81. Accordingly, Plaintiff Turner and class members were not properly compensated with reporting time pay in violation of California Labor Code section 1198.

## EIGHTH CAUSE OF ACTION

- 19 -

**VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202, AND 203 –WAGES NOT**

**TIMELY PAID UPON**

**TERMINATION**

**(AGAINST ALL DEFENDANTS AND DOES 1-50)**

82. Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

83. At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84. At all relevant times, Defendants willfully failed to pay Plaintiffs and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, meal and rest period premium wages, and reporting time pay, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

85. Defendants' failure to pay Plaintiffs and those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202. Plaintiffs and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**NINTH CAUSE OF ACTION**

**UNFAIR AND UNLAWFUL BUSINESS PRACTICES**

**[CAL. BUS. & PROF. CODE §§ 17200 ET. SEQ.**

**(AGAINST ALL DEFENDANTS AND DOES 1-50)**

86. PLAINTIFF incorporates herein by specific reference the foregoing paragraphs, as though fully set forth herein.

87. Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to

DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFFS and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitute an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

88. DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS and CLASS MEMBERS.

89. DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

90. As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFFS, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFFS and CLASS MEMBERS.

91. DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFFS and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFFS and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFFS and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS, individually and on behalf of all other persons similarly situated,

respectfully prays for relief against DEFENDANTS and DOES 1 through 100, inclusive, and each of them, as follows:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to PLAINTIFFS and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of defendants;

3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 7.

4.    For liquidated damages pursuant to California Labor Code §§1194.2 and 1197.1.

5.    For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein.

6.    For waiting time penalties pursuant to California Labor Code § 203;

7.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and 2699;

8.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.    For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action as a class action;

12.    For an order appointing PLAINTIFFS as class representatives, and PLAINTIFFS' counsel as class counsel; and

13.    13. For such further relief that the Court may deem just and proper.

DATED: May 01, 2023

**Bigonger & Bigonger**

*Samantha S. Bigonger*

Samantha S. Bigonger, Esq.
Attorney for Plaintiff: Isin al-Otat

- 22 -

1   DATED: May 01, 2023                      **Law Office of Jessica Gomez**

2

3

4                                Jessica P. Gomez, Esq.

                               Attorney for Plaintiff: Isin al-Otat

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

50

26

27

28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Bigonger & Bigonger, Samantha S. Bigonger, SBN: 286290, 4897 Main St., Yorba Linda, CA 92886
Law Office of Jessica P. Gomez, Jessica P. Gomez, SBN: 309710, 14241 Firestone Blvd. #400, La
Mirada, CA 90638

TELEPHONE NO.: (714) 777-4477  FAX NO. (Optional): (714) 777-1207

E-MAIL ADDRESS: samantha@bigongerlaw.com; jessica@jgllawyers.com

ATTORNEY FOR (Name): Isin al-Otat

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

STREET ADDRESS: 400 McAllister St.

MAILING ADDRESS: 400 McAllister St.

CITY AND ZIP CODE: San Francisco, CA 94102

BRANCH NAME: Civic Center Courthouse

CASE NAME:
Isin al-Otat v. Cycle Gear, Inc., et.al.

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**05/01/2023**
**Clerk of the Court**
BY: JEFFREY FLORES
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CGC-23-606243**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 9 (failure to pay wages and other labor code violations)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 1, 2023

Samantha Bigonger

(TYPE OR PRINT NAME)

*Samantha S. Bigonger*

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

1    Wendy Sugg (SBN 223335)
     Sugg Law Group, a Professional Corporation
2    384 Forest Ave., Suite 15
     Laguna Beach, CA 92651
3    Telephone:   (949) 260-9548
     Email:        wendy@sugglaw.com
4
     Attorneys for Defendants
5    CYCLE GEAR, INC., COMOTO
     HOLDINGS, INC. AND COMOTO
6    HOLDINGS, LLC
7
8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                         FOR THE COUNTY OF SAN FRANCISCO
10
11   ISIN AL OTAT, an individual and on behalf of )   Case No. CGC-23-606243
     similarly aggrieved employees;                )
12                                                  )
                                                    )
     Plaintiff,                                     )
13                                                  )
                                                    )
14   vs.                                            )   **DEFENDANTS' ANSWER TO**
                                                    )   **COMPLAINT**
15   CYCLE GEAR, INC., a California                 )
     corporation; COMOTO HOLDINGS, INC., a          )
16   Delaware corporation; COMOTO                   )
     HOLDINGS, LLC, a Delaware limited liability )
     company; and DOES 1-50, inclusive;            )
17                                                  )
     Defendants.                                    )   Complaint Filed:      May 1, 2023
18                                                  )
19
20
21
22
23
24
25
26
27
28

                                      - 1 -
                              ANSWER TO COMPLAINT

Defendants CYCLE GEAR, INC., COMOTO HOLDINGS, INC., and COMOTO HOLDINGS, LLC (collectively, "Defendants") hereby answers the unverified Complaint ("the Complaint") of ISIN AL OTAT ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants answer the Complaint by denying each and every material allegation of the Complaint and each and every purported cause of action contained therein, and by denying that Plaintiff or the alleged class members are entitled to any of the relief sought therein. Defendants further deny that Plaintiff or the alleged class members have been damaged in any way, or that they are entitled to any form of equitable relief.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.      The Complaint fails to state a claim upon which relief can be granted against Defendants. The Complaint also seeks relief against Defendants that is not properly recoverable by Plaintiff and the alleged class members, and they are therefore barred from any recovery against Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Complaint is Uncertain)

2.      The Complaint is vague, uncertain, ambiguous, and unintelligible with respect to allegations material to each of Plaintiff's asserted causes of action, and therefore is insufficient to apprise Defendants of the issues Defendants are to meet.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

3.      The claims of Plaintiff and the alleged class members are barred by the applicable statutes of limitations including, but not limited to, California Business & Professions Code section 17208 and California Code of Civil Procedure sections 337, 338, 340, and 343.

1

### FOURTH AFFIRMATIVE DEFENSE

2

**(Justification and Privilege)**

3

    4.    Defendants' actions, statements, or conduct were justified and privileged.

4

### FIFTH AFFIRMATIVE DEFENSE

5

**(Waiver)**

6

    5.    The claims of Plaintiff and the alleged class members are barred by the doctrine of

7

waiver.

8

### SIXTH AFFIRMATIVE DEFENSE

9

**(Consent)**

10

    6.    The claims of Plaintiff and the alleged class members are barred by the doctrine of

11

consent.

12

### SEVENTH AFFIRMATIVE DEFENSE

13

**(Estoppel)**

14

    7.    Plaintiff and the alleged class members, through their conduct, acts and omissions,

15

are estopped from asserting or recovering under any of the causes of action alleged against

16

Defendants in the Complaint because of their conduct. Defendants allege that Plaintiff and the

17

alleged class members knew or should have known of the damages claimed in the Complaint but

18

failed to take any corrective measures and failed to notify Defendants or any other party of the

19

need for such corrective measures, thereby estopping Plaintiff and the alleged class members from

20

claiming damages as a result of these purported conditions, if any there be.

21

### EIGHTH AFFIRMATIVE DEFENSE

22

**(Laches)**

23

    8.    The claims of Plaintiff and the alleged class members are barred by the doctrine of

24

laches.

25

26

27

28

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

9.     To the extent that Plaintiff and the alleged class members have suffered any damages, which Defendants expressly deny, they have failed to take reasonable steps to mitigate those purported damages.

**TENTH AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

10.     Plaintiff and the alleged class members are barred from recovering under the Complaint because their damages, if any, are speculative, vague, based on guesswork and conjecture, and are impossible to ascertain or allocate.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

11.     The claims of Plaintiff and the alleged class members are barred by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Lack of Proximate Cause)**

12.     Any loss, injury, damage, or detriment incurred by Plaintiff or the alleged class members proximately resulted from Plaintiff's and the alleged class members' own actions or omissions and not the acts or omissions of Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault/Apportionment)**

13.     The damages purportedly suffered by Plaintiff and the alleged class members, if any, proximately resulted from the negligence, carelessness, recklessness, lack of due care, wrongful conduct, and/or fault of parties, persons, and/or entities other than Defendants, and the liability of Defendants, if any, is limited in direct proportion to the percentage of fault actually attributed to it.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Compliance With Labor Code and Industrial Welfare Commission Orders)**

14.   Plaintiff and the alleged class members are not entitled to the damages they seek because Defendants were and are in compliance with all provisions of the Labor Code and/or Industrial Welfare Commission orders relating to meal and rest break requirements including, but not limited to, California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, 1197, 1198 and IWC Wage Order No. 7-2001.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Willfulness)**

15.   Plaintiff and the alleged class members are not entitled to recover any penalties under section 203 of the California Labor Code because Defendants did not act willfully within the meaning of the statute, since a good faith dispute exists as to whether Plaintiff and the alleged class members are entitled to compensation for any meal or rest breaks that were allegedly missed, any overtime, minimum wages, and/or reporting time wages allegedly not paid, or any other compensation allegedly due.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

16.   Plaintiff and the alleged class members have failed to exhaust remedies available under statutes, regulations, rules, and procedures relating to the matters alleged in the Complaint, and they are barred by reason of their failure to do so.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Improper Joinder)**

17.   Plaintiff improperly attempts to join parties through the Complaint who do not assert rights which arise from the same transaction or occurrence and whose claims do not present common questions of law or fact. Plaintiff further improperly attempts to join parties through this Complaint who are not legally liable or interested in the action.  Cal. Code Civ. Proc. § 378.

1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

2

**(No Class Action)**

3          18.    The claims of Plaintiff and the alleged class members are not properly maintainable

4   as a class action. Defendants allege that this action may not be properly maintained as a class

5   action because: (1) Plaintiff has failed to plead, and cannot establish the necessary procedural

6   elements for class treatment; (2) a class action is not an appropriate method for the fair and

7   efficient adjudication of this claims described in the Complaint; (3) common issues of fact or law

8   do not predominate; to the contrary, individual issues predominate; (4) Plaintiff's claims are not

9   representative or typical of the claims of the alleged class; (5) Plaintiff is not a proper class

10  representative; (6) Plaintiff and alleged class counsel are not adequate representatives for the

11  alleged class; (7) Plaintiff cannot satisfy any of the requirements for class action treatment, and

12  class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined

13  community of interest in the questions of law or fact affecting Plaintiff and the members of the

14  alleged class; and (9) the alleged class is not ascertainable, nor are its members identifiable.

15

**NINETEENTH AFFIRMATIVE DEFENSE**

16

**(Failure to Comply with Directions)**

17          19.    The claims of Plaintiff and the alleged class members fail because Plaintiff and the

18  alleged class members were required to substantially comply with Defendants' directions

19  concerning the work in which Plaintiff and the alleged class members were engaged, including

20  Defendants' directions pertaining to meal and rest break compliance, and Plaintiff and the alleged

21  class members failed to substantially comply with Defendants' directions, even though such

22  compliance was possible, lawful, and not unreasonably burdensome, thereby violating section

23  2856 of the California Labor Code.

24

**TWENTIETH AFFIRMATIVE DEFENSE**

25

**(Failure to Meet Reasonable Expectations)**

26          20.    The claims of Plaintiff and the alleged class members fail because Plaintiff's and the

27  alleged class members' job performance diverged from Defendants' reasonable expectations.

28

1

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

2

### **(No Duty)**

3      21.    The claims of Plaintiff and the alleged class members are barred because Defendants

4   did not owe a legal duty to Plaintiff or the alleged class members or, if any legal duty arose, it was

5   not breached by Defendants.

6

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

7

### **(No Injury)**

8      22.    The claims of Plaintiff and the alleged class members are barred because Plaintiff and

9   the alleged class members have not suffered any cognizable damage or other harm as a result of

10   any act or omission of Defendants.

11

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

12

### **(No Deception Upon Public)**

13      23.    The alleged claim in the Complaint for violation of California Business &

14   Professions Code sections 17200, et seq., is barred because Plaintiff and the alleged class members

15   cannot show a deception upon the public.

16

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

17

### **(No Injury to Competition)**

18      24.    The alleged claim in the Complaint for violation of California Business &

19   Professions Code sections 17200, et seq., is barred because Plaintiff and the alleged class members

20   cannot show an injury to competition.

21

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

22

### **(Business Judgment Rule)**

23      25.    The alleged claim in the Complaint for violation of California Business &

24   Professions Code sections 17200, et seq., is barred because the alleged actions and/or omissions of

25   Defendants, if any, constituted the reasonable exercise of Defendants' business judgment and

26   therefore cannot constitute unlawful, unfair, or fraudulent business practices.

27

28

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

26.    The claims of Plaintiff and the alleged class members are barred in whole or in part because Defendants had an honest, good faith belief that all decisions, if any, affecting Plaintiff and the alleged class members were made by Defendants solely for legitimate, business-related reasons that were not arbitrary, capricious, or unlawful and were reasonably based upon the facts as Defendants understood them.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful)

27.    The claims of Plaintiff and the alleged class members are barred because any alleged conduct of Defendants was not unlawful, as Defendants sought to and did comply in good faith with the applicable law including, without limitation, applicable labor rules and regulations.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Money Damages Not Available)

28.    To the extent Plaintiff and the alleged class members seek to obtain monetary damages, including attorneys' fees, under Plaintiff's Ninth Cause of Action for violation of California Business and Professions Code sections 17200, et seq., such a claim for monetary damages is barred in its entirety by this statute and applicable legal authority.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Knowledge, Authorization, or Ratification)

29.    Defendants are not liable for Plaintiff's or the alleged class members' alleged damages because if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, such conduct was undertaken without Defendants' knowledge, authorization, or ratification.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Adequate Remedies at Law)**

30.     Plaintiff and the alleged class members are barred from asserting the claims for equitable relief alleged in the Complaint because they have adequate remedies at law and/or the equitable relief is neither necessary nor proper.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees)**

31.     The Complaint fails to state facts sufficient to entitle Plaintiff and the alleged class members to an award of attorneys' fees under applicable provisions of law including, but not limited to, California Code of Civil Procedure section 1021.5.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

32.     Plaintiff and the alleged class members are not entitled to recover any punitive or exemplary damages because such damages are not available under California law.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No Entitlement to Disgorgement)**

33.     Plaintiff and the alleged class members are not entitled to disgorgement of profits under California Business and Professions Code section 17200.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Restitution)**

34.     Plaintiff and the alleged class members are not entitled to restitutionary relief as requested in the Complaint because the Defendants do not have any property of Plaintiff or the alleged class members that can be returned.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(The Court Lacks Jurisdiction Because Another Action Is Pending Between the Parties)**

35.     Pursuant to Cal. Civ. Proc. Code §§ 430.10(c), the court lacks jurisdiction over this matter and this matter may not proceed as there is another matter pending between the parties on the same causes of action.

**WHEREFORE**, Defendants CYCLE GEAR, INC., COMOTO HOLDINGS, INC., and COMOTO HOLDINGS, LLC pray that this Court:

1.     Dismiss Plaintiff's Complaint with prejudice;

2.     Enter an award in favor of Defendants on Plaintiff's claims and direct that Plaintiff take nothing by her Complaint against Defendants;

3.     Award Defendants their costs of suit incurred herein, including attorneys' fees to the extent permitted by law; and

4.     Grant Defendants such other and further relief as may be deemed just and proper.

Dated:  June 6, 2023                                    SUGG LAW GROUP

By: _____
Wendy Sugg
Attorneys for Defendants
CYCLE GEAR, INC., COMOTO
HOLDINGS, INC., and COMOTO
HOLDINGS, LLC

## **PROOF OF SERVICE**

**STATE OF CA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of CA. I am over the age of 18 and not a party to the within action; my business address is 384 Forest Ave., Suite 15, Laguna Beach, CA 92651.

On June 6, 2023, I served the following document(s) described as:

### **DEFENDANTS' ANSWER TO COMPLAINT**

☒    **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Laguna Beach, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Samantha S. Bigonger, Esq.
Bigonger & Bigonger
4897 Main Street
Yorba Linda, CA 92886
Telephone:    (714) 777-4477
Facsimile:    (714) 777-1207
Email:          samantha@bigongerlaw.com

*Attorneys for Plaintiff*

Jessica P. Gomez, Esq.
Law Office of Jessica P. Gomez
14241 Firestone Blvd., Suite 400
La Mirada, CA 90638
Telephone:    (562) 228-0986
Email:          jessica@jgllawyers.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on June 6, 2023, at Laguna Beach, CA.

_____
Wendy Sugg